# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND ALFORD BRAFORD,

    Plaintiff,

v.

V. WATTS, et al.,

    Defendants.

No. 2:21-CV-1846-KJM-DMC-P

ORDER

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) V. Watts, prisoner incarcerated at California Health Care Facility (CHCF) acute pip-A2A cell-Room 137, post office box 213040, Stockton, California 95213; (2) Delgato, correctional officer at CHCF; (3) Donahue, mailroom supervisor at CHCF in Stockton; (4) Gomez, correctional officer in acute pip program A2A at CHCF in Stockton; (5) L. Lor, correctional officer at CHCF in acute pip program A2A in Stockton; (6) M. Mbata, certified nurse assistant at CHCF; (7) S. DeJesus, appeals coordinator at CHCF in Stockton; (8) the City of Sacramento; (9) the County of Sacramento; and (10) the State of California. ECF No. 1, pg. 3. Plaintiff lists a host of different causes of action following his statement of the facts. See id. at 5.

Plaintiff alleges that Defendants Delgato, Lor, Mbata, Gomez, and Donahus "delivered Plaintiff's legal mail, personal property, legal property, and government [] stimulus funds" to a fellow inmate, Defendant Watts. Id. at 3. Defendants instructed Defendant Watts to retrieve Plaintiff's belongings that were set outside his cell. Id. at 4. Included in the legal mail was a judgment abstract containing, among other things, personal information such as family address, contact information, date of birth, Social Security Number, and full name. Id. at 3. Plaintiff states that the Defendants did this "to steal Plaintiff's identity and cash his checks." Id. Plaintiff further alleges that Defendant Watts was informed "by the prison guards" that Plaintiff is a "pedophile-child molester, rapist, sex offender." Id.

///
///
///

Plaintiff also alleges that Defendant Mbata issued a "bogus" disciplinary citation charging him with indecent exposure while Plaintiff was changing his diaper and cleaning himself. Id. at 4. Plaintiff filed several emergency appeals against Defendants. Id. Defendants Donahue and DeJesus "kept the legal papers and support documents attached to the appeals to deny all meaningful access to court, exhaustion and seeking redress for relief he is entitled to." Id.

Plaintiff alleges that Defendants "failed to protect and repeatedly retaliated against Plaintiff" for beating up a prison guard. Id. Plaintiff states that "the CDCR prison guards have repeatedly stolen his legal/personal property." Id. Plaintiff continues saying, "There is an active and ongoing conspiracy to commit murder against Plaintiff and obstruction of justice so Plaintiff's life is in jeopardy." Id.

## II. DISCUSSION

Plaintiff's access to the courts claims against Defendants Donahue and DeJesus are cognizable. Plaintiff's retaliation claims against Defendants Delgato, Lor, Mbata, Gomez, and Donahue for delivering Plaintiff's property and mail to Defendant Watts are also cognizable. All other claims are defective for failing to connect the actions of a specific person to a particular constitutional violation. Additionally, Plaintiff failed to state any claims against the City or County of Sacramento. Further, the State of California is immune from suit.

### A. Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See

1  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth
2  specific facts as to each individual defendant's causal role in the alleged constitutional
3  deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
4         Here, Plaintiff's complaint fails to connect defendants to constitutional violations.
5  For example, Plaintiff mentions that "prison guards" told Defendant Watts that Plaintiff was a
6  child molester.  It is not clear which defendant(s) informed Watts of this.  It is also not clear why
7  Plaintiff is suing Defendant Watts or if he merely intends Watts to be a witness.  Upon amending,
8  Plaintiff should provide which defendant took what action that violated what right.
9         **B. Municipal Liability**
10        Municipalities and other local government units are among those "persons" to
11  whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).
12  Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at
13  691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local
14  government unit, however, may not be held responsible for the acts of its employees or officials
15  under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S.
16  397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of
17  the actions of its employees or officers. See id. To assert municipal liability, therefore, the
18  plaintiff must allege that the constitutional deprivation complained of resulted from a policy or
19  custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to
20  withstand dismissal even if it is based on nothing more than bare allegations that an individual
21  defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los
22  Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).
23        Here, Plaintiff does not allege that the City or County of Sacramento did anything.
24  The only mention of either is in the list of defendants.  Therefore, Plaintiff does not allege any
25  cognizable claims against the City or County of Sacramento.
26  / / /
27  / / /
28  / / /

4

**C. Eleventh Amendment Immunity**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

Plaintiff again merely lists the State of California as a defendant. California is immune from suit under the Eleventh Amendment. Therefore, any claims Plaintiff has against the State of California are not cognizable.

**III. CONCLUSION**

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: March 9, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE