1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RAYMOND ALFORD BRAFORD,                    No.  2:21-CV-1846-KJM-DMC-P

12          Plaintiff,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14   V. WATTS, et al.,

15          Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.   Pending before the Court is Plaintiff's motion for injunctive relief, ECF No.

19   15.

20          The legal principles applicable to requests for injunctive relief, such as a

21   temporary restraining order or preliminary injunction, are well established.   To prevail, the

22   moving party must show that irreparable injury is likely in the absence of an injunction.   See

23   Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

24   Def. Council, Inc., 129 S.Ct. 365 (2008)).   To the extent prior Ninth Circuit cases suggest a lesser

25   standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

26   controlling, or even viable."   Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

27   1052 (9th Cir. 2009).   Under Winter, the proper test requires a party to demonstrate: (1) he is

28   likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.   See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Plaintiff alleges that Defendants Delgato, Lor, Mbata, Gomez, and Donahus "delivered Plaintiff's legal mail, personal property, legal property, and government [] stimulus funds" to a fellow inmate, Defendant Watts.  ECF No. 1, pg. 3.  Defendants instructed Defendant Watts to retrieve Plaintiff's belongings that were set outside his cell.  Id. at 4.  Included in the legal mail was a judgment abstract containing, among other things, personal information such as family address, contact information, date of birth, Social Security Number, and full name.  Id. at 3.  Plaintiff states that the Defendants did this "to steal Plaintiff's identity and cash his checks." Id.  Plaintiff further alleges that Defendant Watts was informed "by the prison guards" that Plaintiff is a "pedophile-child molester, rapist, sex offender."  Id.

Plaintiff also alleges that Defendant Mbata issued a "bogus" disciplinary citation charging him with indecent exposure while Plaintiff was changing his diaper and cleaning himself.  Id. at 4.  Plaintiff filed several emergency appeals against Defendants.  Id.  Defendants Donahue and DeJesus "kept the legal papers and support documents attached to the appeals to deny all meaningful access to court, exhaustion and seeking redress for relief he is entitled to." Id.

Plaintiff alleges that Defendants "failed to protect and repeatedly retaliated against Plaintiff" for beating up a prison guard.  Id.  Plaintiff states that "the CDCR prison guards have repeatedly stolen his legal/personal property."  Id.  Plaintiff continues saying, "There is an active and ongoing conspiracy to commit murder against Plaintiff and obstruction of justice so Plaintiff's life is in jeopardy."  Id.

The Court finds that preliminary injunctive relief is not appropriate in this case. Specifically, Plaintiff's allegations do not indicate the likelihood of irreparable harm absent Court intervention.  Additionally, while the Court has determined that some claims are appropriate for service, Plaintiff has not yet filed an amended complaint addressing deficient claim, nor has the Court ordered service on any defendant.  In this procedural context, and in light of the assertions in Plaintiff's motion, Plaintiff has not demonstrated a likelihood of success on the merits of his property claims.

Based on the foregoing, the undersigned recommends that Plaintiff's motion, ECF No, 15, for preliminary injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 9, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3