IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>V. WATTS, et al.,<br><br>Defendants. | No. 2:21-CV-1846-KJM-DMC-P<br><br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 15.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff fails to argue that appointment of counsel is warranted because he is unable to articulate his claims on his own due to the complexity of the legal issues in dispute or that there is a likelihood of success on the merits. See ECF No. 15, pg. 4. Instead, Plaintiff states that his mental health team has determined that he would "not be permitted to proceed" or "participate in this civil suit and others while in the mental health unit." Id. Thus, Plaintiff has failed to satisfy the standard set forth in Terrell. Notably, Plaintiff provides no documentation to substantiate his claim that he cannot proceed without counsel due to diagnosed mental health issues.

Plaintiff's stated circumstances is common to many prisoners and, as such, not extraordinary. A review of the filings to date indicates that Plaintiff can articulate his claims on his own, which are neither factually nor legally complex, inasmuch as he independently prepared and filed a civil rights complaint, motion to proceed in forma pauperis, requested injunctive relief, objected to this Court's findings and recommendations, and requested the assistance of counsel. Further, at this stage of the proceedings, it cannot be said that Plaintiff has established a particular likelihood of success on the merits, as Plaintiff has been given an opportunity to amend his civil rights complaint, see ECF No. 16, which has not yet been filed. As such, exceptional circumstances warranting the appointment of counsel do not currently exist.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel, ECF No. 15, is denied.

2. The Court sua sponte extends the time for Plaintiff to file a first amended complaint pursuant to the March 9, 2022, order.

3. Plaintiff may file a first amended complaint within 30 days of the date of this order.

4. If no first amended complaint is filed within the time allowed therefor, this action will proceed on Plaintiff's original complaint.

Dated: December 9, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE