1

2

3

4

5

6

7

8                 **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RAYMOND ALFORD BRAFORD,              No.  2:21-CV-1846-KJM-DMC-P

12              Plaintiff,

13         v.                            FINDINGS AND RECOMMENDATIONS

14   V. WATTS, et al.,

15              Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19          As required under the Prison Litigation Record Act, the Court issued an order

20   addressing the sufficiency of Plaintiff's complaint.  See ECF No. 16.  In that order, the Court

21   summarized Plaintiff's allegations as follows:

22              Plaintiff names the following as defendants: (1) V. Watts,
       prisoner incarcerated at California Health Care Facility (CHCF) acute pip-
23     A2A cell-Room 137, post office box 213040, Stockton, California 95213;
       (2) Delgato, correctional officer at CHCF; (3) Donahue, mailroom
24     supervisor at CHCF in Stockton; (4) Gomez, correctional officer in acute
       pip program A2A at CHCF in Stockton; (5) L. Lor, correctional officer at
25     CHCF in acute pip program A2A in Stockton; (6) M. Mbata, certified
       nurse assistant at CHCF; (7) S. DeJesus, appeals coordinator at CHCF in
26     Stockton; (8) the City of Sacramento; (9) the County of Sacramento; and
       (10) the State of California.  ECF No. 1, pg. 3.  Plaintiff lists a host of
27     different causes of action following his statement of the facts.  See id. at 5.

28        / / /

                                              1

1

2          Plaintiff alleges that Defendants Delgato, Lor, Mbata, Gomez, and Donahus "delivered Plaintiff's legal mail, personal property, legal property, and government [] stimulus funds" to a fellow inmate,

3     Defendant Watts. Id. at 3.  Defendants instructed Defendant Watts to retrieve Plaintiff's belongings that were set outside his cell. Id. at 4.

4     Included in the legal mail was a judgment abstract containing, among other things, personal information such as family address, contact information, date of birth, Social Security Number, and full name. Id. at

5     3.  Plaintiff states that the Defendants did this "to steal Plaintiff's identity and cash his checks." Id.  Plaintiff further alleges that Defendant Watts

6     was informed "by the prison guards" that Plaintiff is a "pedophile-child molester, rapist, sex offender." Id.

7          Plaintiff also alleges that Defendant Mbata issued a "bogus" disciplinary citation charging him with indecent exposure while

8     Plaintiff was changing his diaper and cleaning himself. Id. at 4.  Plaintiff filed several emergency appeals against Defendants. Id.  Defendants

9     Donahue and DeJesus "kept the legal papers and support documents attached to the appeals to deny all meaningful access to court, exhaustion

10    and seeking redress for relief he is entitled to." Id.
          Plaintiff alleges that Defendants "failed to protect and

11    repeatedly retaliated against Plaintiff" for beating up a prison guard. Id. Plaintiff states that "the CDCR prison guards have repeatedly stolen his

12    legal/personal property." Id.  Plaintiff continues saying, "There is an active and ongoing conspiracy to commit murder against Plaintiff and

13    obstruction of justice so Plaintiff's life is in jeopardy." Id.

14    ECF No. 16, pgs. 2-3.

15          The Court determined that Plaintiff's First Amendment claim against Defendants

16    Donahue and DeJesus based on access to the courts is cognizable. See id. at 3.  The Court also

17    determined that Plaintiff's First Amend claim against Defendants Delgato, Lor, Mbata, Gomez,

18    and Donahue based on retaliation is cognizable. See id.  The Court, however, found that all other

19    claims are defective for failing to connect the actions of a specific person to a particular

20    constitutional violation. See id. at 3-4. The Court further concluded that Plaintiff's claims against

21    the City or County are defective for failure to plead any facts as to these entities, and that

22    Plaintiff's claim against the State of California fail because that defendant is immune from suit.

23    See id. at 4-5.

24          Plaintiff was provided an opportunity to file a first amended complaint to address

25    the defects noted in the Court's screening order. See id. at 5-6.  Plaintiff was cautioned that, if he

26    elected not to file an amended complaint, the action would proceed on the original complaint on

27    the cognizable claims identified and that the remaining claims/defendants would be subject to

28    dismissal. See id.  The time provided to file a first amended complaint has expired and, to date,

2

1   Plaintiff has not done so.  The Court, therefore, recommends dismissal of those claims/defendants

2   found defective in the prior screening order for the reasons stated therein.  By separate order, the

3   Court has directed service of process on Defendants Delgato, Lor, Donahue, DeJesus, Mbata, and

4   Gomez.

5               Based on the foregoing, the undersigned recommends that:

6               1.      This action proceed on the original complaint on Plaintiff's First

7   Amendment claims against Defendants Delgato, Lor, Donahue, DeJesus, Mbata, and Gomez; and

8               2.      All other claims be dismissed for failure to state a claim; and

9               3.      Watts, the City of Sacramento, the County of Sacrament, and the State of

10  California be dismissed as defendants to this action.

11              These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

13  after being served with these findings and recommendations, any party may file written objections

14  with the Court.  Responses to objections shall be filed within 14 days after service of objections.

15  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

16  Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18  Dated:  March 28, 2023

19                                                    _____
                                                      DENNIS M. COTA
20                                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28