IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DELGATO, et al.,<br><br>　　　　　Defendants. | No.  2:21-CV-1846-DJC-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for injunctive relief. See ECF No. 22.

　　　　The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Plaintiff alleges that the Defendants have subjected him "to imminent danger and will not stop attacking [him], denying him all meaningful access to court causing serious injury, stealing his legal property/personal belongings . . . in retaliation." See ECF No. 22, pg. 4. Plaintiff contends that Defendants "have yet to provide reimbursement [for his lost property] causing Plaintiff to be denied all meaningful access to the court, actual injury because he cannot litigate (15) pending civil suits and criminal appeals or challenge unconstitutionally [un]acceptable medical care causing his pre-existing ailments to deteriorate." Id. at 3. Plaintiff alleges that Defendants' refusal to return his stolen property, particularly his emergency appeals paperwork, has prevented Plaintiff from exhausting his administrative remedies, which keeps Plaintiff from "all meaningful access to the court." See id.

Plaintiff's motion for injunctive relief fails to meet the threshold standard set forth in Winter through a showing that Plaintiff is likely to succeed on the merits of his underlying claim. In his complaint, Plaintiff alleges that there is "an active and ongoing conspiracy to commit murder against plaintiff and obstruction of justice." See ECF No. 1, pg. 4. Though he does mention the withholding of legal papers related to his appeals in the original complaint, the restatement of these allegations in the request for injunctive relief does not show that he is likely to succeed on his underlying claim. See id. The Court finds that Plaintiff has failed to show that he is likely to succeed on the merits.

///

///

///

Plaintiff also does not show that he is likely to suffer irreparable harm if injunctive relief is not granted.  The harm about which Plaintiff complains appears to be a feared inability to exhaust his administrative remedies with respect to various other claims.  To the extent Plaintiff is arguing that his efforts to exhaust his administrative remedies are being thwarted, this harm is not irreparable because a remedy exists.  A plaintiff's failure to exhaust administrative remedies may be excused if the administrative remedy is deemed "unavailable," for example, because it has been thwarted by prison officials as Plaintiff claims here.  See Ross v. Blake, 578 U.S. 632 (2016).  Additionally, to the extent Plaintiff is in fact thwarted from exhausting a claim and is unable to access the courts as a result, Plaintiff would have a new cause of action under the First Amendment for denial of access to the courts.  Again, because there is a remedy available, the claimed harm here is not irreparable.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 22, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 27, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE