IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADROF,<br><br>    Plaintiff,<br><br>    v.<br><br>DELGATO, et al.,<br><br>    Defendants. | No. 2:21-CV-1846-DJC-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion to revoke Plaintiff's in forma pauperis status, ECF No. 33, and request for judicial notice in support thereof, ECF No. 34.

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

///

1

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

Dismissals for failure to exhaust available administrative remedies generally do not count as "strikes" unless the failure to exhaust is clear on the face of the complaint. See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015). Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12.

When in forma pauperis status is denied, revoked, or otherwise unavailable under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."

///

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

In their motion, Defendants first outline 13 cases which they assert qualify as "strikes." See ECF No. 33-1, pgs. 3-5. Defendants further note:

> District courts have also repeatedly revoked Plaintiff's IFP status because he has filed at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim; and the Ninth Circuit has affirmed that Plaintiff has incurred three strikes. (RJN Ex. P at Bates 124-138 (revoking Plaintiff's IFP status based on three-strikes; Ninth Circuit order affirming); Exs. Q-Y at Bates 139-184 (multiple district courts revoking Plaintiff's IFP status).)

ECF No. 33-1, pg. 5.

At Exhibit P, Defendants provide the court's orders in Bradford v. Diaz, 1:13-cv-0045-BAM-P, finding that Plaintiff had three or more prior "strikes." See ECF No. 34, pgs. 128-134. Plaintiff was denied in forma pauperis status and, after Plaintiff failed to pay the filing fees as ordered, his case was dismissed. See id. The dismissal was affirmed on appeal by the Ninth Circuit. See id. at 135-36. Specifically, the Ninth Circuit concluded that the District Court did not abuse its discretion in determining that Plaintiff had three or more qualifying "strikes" and, therefore, was required to pay the filing fees. See id. Since the proceedings in Bradford v. Diaz concluded, numerous other courts also found that Plaintiff had three or more prior "strikes." See id. (Exhibits Q-Y). These prior determinations control here.

The only issue remaining is whether Plaintiff can escape application of the "three strikes" provision of the PLRA in this case by demonstrating imminent danger of serious injury at the time the action was initiated. Here, Plaintiff claims various acts of retaliation by the named defendants. Specifically, Plaintiff claims Defendants retaliated by delivering his legal mail and other property to anther inmate. Plaintiff also claims that Defendants interfered with his access to

1 the courts by tampering with his legal mail.  These allegations alone do not indicate imminent
2 danger of serious injury.  See e.g., Rouser v. Gyles, No. 2:21-cv-01396-DJC-JDP (PC), 2023 U.S.
3 Dist. LEXIS 84865, at *9 (E.D. Cal. May 12, 2023) (finding no threat of serious physical injury
4 stemming from a prisoner being denied access to the law library); Prophet v. Clark, No. CV 1-08-
5 00982-FJM, 2009 U.S. Dist. LEXIS 57940, at *3 (E.D. Cal. June 19, 2009) (holding that a
6 prisoner's First Amendment claims "for denial of access to the courts, interference with legal mail
7 privileges, and retaliation" did not allege "facts to support an imminent danger of serious physical
8 injury"); Harris v. Fiches, No. 1:22-cv-00721-HBK, 2022 U.S. Dist. LEXIS 114977 (E.D. Cal.
9 June 28, 2022) (holding that a claim for withholding mail and a "stimulus check" did not satisfy
10 the imminent danger exception), adopted by LEXIS 130400 (E.D. Cal. July 22, 2022).
11         Plaintiff also makes a vague allegation of some kind of conspiracy, which is not
12 part of any cognizable claim in this case.  Even if such a claim was part of the action, it would
13 also not satisfy the imminent danger exception because it is speculative and not an allegation of a
14 real likelihood of imminent serious injury.  See Blackman v. Miening, 2016 WL 5815905, at *1
15 (E.D. Cal. Oct. 4, 2016).
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Based on the foregoing, the undersigned recommends as follows:

    1.    Defendants' request for judicial notice, ECF No. 34, be GRANTED.

    2.    Defendant's unopposed motion to revoke Plaintiff's in forma pauperis status, ECF No. 33, be GRANTED and that this action be DISMISSED without prejudice to renewal upon prepayment of fees therefor.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 6, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE